## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOUREY NEWELL, individually and on behalf of all others similarly situated, | : : : | Civil File No. |
| Plaintiff, | : : : | |
| v. | : : : | **COMPLAINT – CLASS ACTION** |
| STONE & SAUNDERS, LLC | : : : | |
| Defendant. | : : : | |

### Preliminary Statement

1.      As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.      The Plaintiff Jourey Newell alleges that Stone & Saunders LLC ("Stone & Saunders ") made unsolicited pre-recorded telemarketing calls without their prior express consent and that he received at least one such call.

3.      Because these calls were transmitted using technology capable of generating thousands of similar calls per day, the Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

4.      A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

5.      Plaintiff Jourey Newell is an individual residing in Pennsylvania in this District.

6.      Defendant Stone & Saunders LLC is a limited liability company that offers insurance services into this District, just as it did with the Plaintiff.

**Jurisdiction & Venue**

7.      The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

8.      The Court has personal jurisdiction over Defendant because it made calls into this District.

9.      Venue is proper under 28 U.S.C. § 1391(b) because the calls at issue were made into this District.

**TCPA Background**

10.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

2

<u>The TCPA prohibits automated calls to cellular telephones</u>

11.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A).

12.     The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

13.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

14.     The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014, 14115 ¶ 165 (2003).

15.     In 2012, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition,

the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service."

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 FCC Rcd 1830, 1844 (2012) (footnotes omitted).

## <u>Factual Allegations</u>

16.    Stone & Saunders offers debt collection services for business.

17.    To generate new clients, Stone & Saunders makes telemarketing calls to consumers who have never had a relationship and who have never consented to receive their calls.

18.    Indeed, Stone & Saunders uses pre-recorded messages to make such calls.

19.    Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

20.    Plaintiff's telephone number (the "Number"), (484)-213-XXXX, is assigned to a cellular telephone service.

21.    The Number is also on the National Do Not Call Registry.

22.    Despite this, the Defendant placed a pre-recorded call to the Plaintiff on at least August 7, 2023.

23.    The Caller ID for the phone number was (614) 697-0667.

24.    The call began with a pre-recorded message regarding a service that could help the call recipient's business collect on unpaid accounts.

25.    The call was clearly pre-recorded because (a) there was a pause after the Plaintiff picked up the phone before the robot started speaking (b) the recording would keep play when

4

the call recipient began talking (c) the robot had a generic monotone voice and there was a request to press a number at the end of the recorded message.

26.     Indeed, NoMoRobo, which won the federal government's award for detecting spam calls, identified the number that called Mr. Newell as a "debt collector robocall". *See* https://www.nomorobo.com/lookup/614-697-0667.

27.     To confirm the entity responsible for the call, Mr. Newell subsequently spoke to the live Stone & Saunders representative.

28.     Stone & Saunders engages in this pre-recorded call conduct so it can make *en masse* calling but then only have its representatives talk to the individuals who answer and wait on the line.

29.     The representative offered him Stone & Saunders's debt collection services.

30.     Indeed, the telemarketer sent Mr. Newell an e-mail regarding the offering.

31.     Mr. Newell was uninterested in the services and ended the call.

32.     Plaintiff's privacy has been violated by the above-described telemarketing calls.

33.     The Plaintiff never provided his consent or requested these calls.

34.     Prior to filing this action, the Plaintiff wrote the Defendant a letter regarding the calling conduct.

35.     The Defendant did not deny the pre-recorded calling conduct.

36.     Instead, the Defendant responded, "Most folks that send follow up emails to ensure that their number are added to our DNC list use something similar to; *Please remove (xxx) xxx-xxxx, from your list. Thank you,* (I want to provide you the courtesy of letting you know that, in case you have anything else to do during the course of a Monday afternoon)".

5

37.    At no time did the Defendant claim to have consent to make the call.

38.    Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls.  In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication.

## Class Action Allegations

39.    As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a Class of all other persons or entities similarly situated throughout the United States.

40.    The Class of persons Plaintiff proposes to represent is tentatively defined as:

**Robocall Class:** Plaintiff and all persons within the United States: (1) to whose cellular telephone number, Defendant, or a third party on their behalf, placed a call using pre-record messages (2) within the four years prior to the filing of the Complaint.

41.    The Class as defined above is identifiable through phone records, phone number databases, and business and customer records of Defendant.

42.    Based on the *en masse* nature of telemarketing, the potential members of the Class likely number at least in the thousands.

43.    Individual joinder of these persons is impracticable.

44.    The Plaintiff is a member of the class.

45.    There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

(a)  whether Defendant used a pre-recorded message to make the calls;

(b) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls; and

(c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

46.     Plaintiff's claims are typical of the claims of members of the Class.

47.     Plaintiff is adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

48.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

49.     The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## **FIRST CAUSE OF ACTION**

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227(b))**
**(On Behalf of Plaintiff and the Robocall Class)**

50.     Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

51.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple

violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, with a pre-recorded message to cellular telephone numbers.

52.    The Defendant's violations were negligent, willful, or knowing.

53.    As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

54.    Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making pre-recorded calls, except for emergency purposes, to any cellular telephone number in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.    Injunctive relief prohibiting Defendant from making telephone calls advertising their goods or services, except for emergency purposes, to any number using a pre-recorded message.

B.    As a result of Defendant's negligent, willful and/or knowing violations of 47 C.F.R. § 64.1200(c), Plaintiff seeks for himself and each member of the Class up to treble damages, as provided by statute, of up to $1,500 for each and every violation of the TCPA;

C.    An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Class the Court deems appropriate, finding that Plaintiff is a

proper representative of the Class, and appointing the lawyers and law firms representing

Plaintiff as counsel for the Class;

      D.      Such other relief as the Court deems just and proper.

## JURY DEMAND

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Respectfully submitted,

*/s/ Jeremy C. Jackson*
Jeremy C. Jackson (PA Bar No. 321557)
BOWER LAW ASSOCIATES, PLLC
403 S. Allen St., Suite 210
State College, PA 16801
Tel.: 814-234-2626
jjackson@bower-law.com

PARONICH LAW, P.C.
Anthony I. Paronich
350 Lincoln St., Suite 2400
Hingham, MA 02043
617-485-0018
anthony@paronichlaw.com
*Subject to Pro Hac Vice*

*Attorneys for Plaintiff and proposed class*